



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE KEYS,<br>MELVIN McKELLAR,<br>MICHAEL ROMAN<br>JOSEPH SCHRANK<br>     **Plaintiffs**<br><br>v.<br><br><br>CITY OF PHILADELPHIA,<br><br>   and<br><br>SYLVESTER JOHNSON,<br>Commissioner for the Philadelphia<br>Police Department, in his individual<br>and official capacities,<br><br>   and<br><br>LINDA SEYDA and LINDA<br>ORFANELLI, successive Directors<br>of Personnel for the City of<br>Philadelphia, sued in their official and<br>individual capacities,<br><br>   and<br><br>JANICE DAVIS,<br>Director of Finance for the City<br>of Philadelphia, in her official<br>and individual capacities,<br><br>     **Defendants** | **JURY TRIAL DEMANDED**<br><br>CIV No. 04cv766<br><br><br><br># FILED<br>FEB 2 3 2004<br>MICHAEL E. KUNZ Clerk<br>By_____ Dep. Clerk<br><br><br><br>RECEIVED<br>FEB 2 5<br>TUCKER PETRESE B. |

# COMPLAINT

## I.   INTRODUCTION

This is an action by Plaintiffs Lawrence Keyes, Melvin McKellar, Michael Roman and Joseph Schrank, former police officers for the City of Philadelphia, which directly challenges the legality of the Philadelphia's Civil Service Regulation 32, pursuant to which each of the Plaintiffs was terminated from his employment on the basis of his disabilities. Plaintiffs allege that Regulation 32 as enacted and applied to them at the time of their terminations, violated their rights pursuant to Titles I and II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111-12131, *et seq.*; the Rehabilitation Act, 29 U.S.C. § 701 *et seq*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq*, and the Due Process Clause of the United States Constitution.    Plaintiffs bring this action pursuant to the aforementioned statutory provisions, and 42 U.S.C. § 1983.  Against the City they seek declaratory and injunctive relief, including reinstatement to their respective positions, as well as back pay and compensation for other emoluments of employment they lost as a result of the City's illegal policies and related procedures, compensatory damages, as well as the costs and attorneys fees they have and will incur in the prosecution of this action.  They seek compensatory and punitive damages against the individual defendants.

## II.   PARTIES

1.   Plaintiff, Melvin McKellar is an adult individual with a physical impairment and/or disability, who resides at 7804 Williams Ave., Philadelphia, PA 19150.

2.   Plaintiff, Lawrence Keys is an adult individual who resides at 4449 Edgemont Street, Philadelphia, PA 19132.

3.      Plaintiff, Joseph Shrank is an adult individual who resides at 3600 Bandon Drive, Philadelphia, PA 19150.

4.      Plaintiff, Michael Roman is an adult individual who resides at 2133 S. Bancroft Street, Philadelphia, PA 19145.

5.      At all times material hereto, Plaintiffs were employees of Defendant City of Philadelphia (hereinafter referred to as "Defendant City"), and were persons with disabilities and/or handicaps within the meaning of the ADA, Section 504, and the PHRA, and fully entitled to the protections of those statutory provisions.

6.      Defendant City is an entity engaged in a municipal and/or governmental entity and an employer within the meaning of the ADA, Section 504, and the PHRA.

7.      Defendant City operates "programs and activities" as defined by 29 U.S.C. § 794 (b), and, at all times material hereto, received federal financial assistance.

8.      Defendant Sylvester Johnson is the Commissioner of the Philadelphia Police Department, and is sued in his official and individual capacities.   Upon information and belief, Commissioner Johnson is a resident of the City of Philadelphia.

9.      Defendant Linda Seyda was the Personnel Director for the City of Philadelphia during a portion of the time period at issue in this action.   As such, she was  responsible for the implementation of Regulation 32 on behalf of the City of Philadelphia.   Upon information and belief, Ms. Seyda is a resident of the City of Philadelphia.

10.     Linda Orfanelli succeeded Ms. Seyda as the Personnel Director for the City of Philadelphia, and is responsible for the implementation of Regulation 32.   Upon information and belief, Ms. Orfanelli is a resident of the City of Philadelphia.

11.     Defendant Janice Davis is the Director of Finance for the City of Philadelphia, and at all times material hereto, was responsible for implementing the provisions of Regulation 32, or succeeded the former Director of Finance.  Upon information and belief, Ms. Davis is a resident of the City of Philadelphia.

## III.    **JURISDICTION and VENUE**

12.     Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331.  It is further predicated upon and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 and 12131 *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

13.     Plaintiff invokes the Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under the laws of the Commonwealth of Pennsylvania, and under the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*

14.     Plaintiffs exhausted their administrative remedies under Title I of the ADA and the PHRA, when they dual filed charges of discrimination with the EEOC and/or PHRC.  No exhaustion is required for Plaintiffs' Title II claims pursuant to the ADA, nor is it required for the Section 504 claims or Plaintiffs' constitutional claims.

15.     On or about August 26, 2003, Plaintiff received their "Notices of Right to Sue" for the ADA-Title I claims against Defendant.  Plaintiffs and the Defendant executed tolling agreements for the purpose of extending the Notices of Right to Sue, until February 23, 2004.  A true and correct copy of the Plaintiffs respective Notices of Right to Sue are attached hereto and incorporated by reference herein.

16.     More than one year has elapsed since Plaintiffs filed their respective charges of discrimination with the PHRA.  Thus Plaintiffs are entitled to bring their PHRA claims

pursuant against Defendant at this time.

17.  Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania inasmuch as all parties reside and regularly conduct business within this District and the acts complained of by Plaintiff arose herein.

## IV.  <u>FACTS</u>

**LAWRENCE KEYS**

18.  Plaintiff Lawrence Keys began work as a Philadelphia police officer on December 3, 1973.

19.  On March 24, 1997, while working as a Police Officer, Plaintiff Keys was involved in an altercation with a patient who was under the influence of intoxicating substances.

20.  During the course of the altercation, Plaintiff Keys sustained an injury to his left knee, which was later diagnosed as a tear of the medial meniscus, and a partial tear of the anterior cruciate ligament ("ACL").

21.  On April 7, 1997, Plaintiff Keyes returned to limited light duty work with the City.

22.  Plaintiff Keyes was very capable of remaining in this employment indefinitely, as he could perform all of the essential functions of this position with or without accommodation.

23.  Additionally, there are various other positions within the Police Department that Plaintiff Keys could have performed with or without accommodation.

24.  On August 5, 2001, without any interactive process, Mr. Keys was summarily terminated from employment pursuant to Regulation 32, pursuant to a determination by Dr. Wilhemena Korevaar that he was permanently and partially disabled.

25.  Plaintiffs' termination was preceded by a determination by Defendants, in conjunction

with the City's Risk Management Department and other City officials, including defendants' designees, that he was permanently and partially disabled within the meaning of Regulation 32.

26. The meeting with the Risk Management Department was not preceded by constitutionally adequate notice, and did not provide Plaintiff with a constitutionally adequate right to be heard.

27. Defendants' refusal to permit Plaintiff Keys to continue his employment was based upon City's custom, policy and/or practices as set forth in Regulation 32, and Plaintiffs disability, his record of impairment, and/or the Defendants' perception thereof.

28. At the time of his termination pursuant to Regulation 32, there were numerous positions within the Philadelphia Police Department which Plaintiff Keys was qualified to perform in spite of his disability, but he was automatically precluded from being considered for any them on the basis of the Regulation 32.

**MELVIN McKELLAR**

29. Melvin McKellar began working for the City of Philadelphia Police Department as a Police Officer on May 31, 1976.

30. On or about December 19, 1998, Sergeant McKellar was transferred to the Narcotics Strike Force as a Street Supervisor.

31. On June 23, 2000, while performing his job as a Street Supervisor, Narcotics Unit, Sergeant McKellar was shot in the right groin, right hip and left calf while attempting to arrest a suspect during an altercation.

32. As a result of this work-related incident, Sergeant McKellar had to undergo the amputation of his right leg at the knee.  As such, Plaintiff is substantially limited in one

or more major life activities as defined by the ADA, including, but not limited to, walking, running, ascending and descending stairs, and working.

33.   Subsequent to his injury, Plaintiff McKellar received wages in lieu of compensation in the form of Regulation 32 "Injured on Duty" ("IOD") benefits from the date of his injury until he returned to duty on March 12, 2001.

34.   On March 12, 2001, Sergeant McKellar returned to work for the City of Philadelphia on "light active duty" in the Police Department, as a Narcotics Operating Room Supervisor, a position which he was able to perform in spite of his disability, without accommodation of any essential function.

35.   Light active duty is a designation used by Defendant pursuant to Civil Service Regulation 32, City customs, policies and/or practices to indicate that an employee is working within restrictions caused by a service-connected injury.

36.   When Plaintiff McKellar returned to work in March of 2001, he was medically qualified to perform all of the duties associated with every position within the Police Department for which he was otherwise qualified by education, experience, and training, except for those positions that require running as an essential job function.

37.   Sergeant McKellar applied for the DROP program on July 9, 2001, with a selected retirement date of July 9, 2005.  DROP, inter alia, allows for the purchase of deferred service credit by employees who were appointed between January 1, 1957 and May 13, 1967.

38.   On April 8, 2002, Defendant City's Medical Director  for the City of Philadelphia, Department of Finance, Risk Management Division, conducted a Medical Pension Review of Plaintiff's medical condition and determined that Sergeant McKellar was

permanently and partially disabled pursuant to the terms of Regulation 32. She determined, accordingly, that Plaintiff McKellar was precluded from returning to his pre-injury duties as a police officer solely due to the injuries sustained in the line of duty on June 23, 2000.

39. On the basis of Dr. Korevaar's determination, and without any interactive process to determine whether Plaintiff McKellar he could remain in his position as Narcotics Operating Room Supervisor or some other position within the Police Department, with or without accommodation, the Defendants, individually and severally, terminated Sergeant McKellar's employment on or about May 12, 2002.

40. Regulation 32 was adopted in 1953 to provide employment benefits for uniformed and other municipal employees who suffer a service-incurred disability and who are no longer able to perform fully and without limitation the regular duties of his or her position. Among its other "benefits," Regulation 32 provides for an employee's termination from employment when he/she has suffered a service connected injury and is not able to return to and fully perform all the functions of his pre-injury job within one year of the injury. This termination is effected automatically and without individualized inquiry as to the nature of the employee's disability and/or his/her ability to perform the job he/she holds or desires with or without accommodation. In some cases, the City may offer "secondary employment" to the individual, but such employment does not entitle an employee to remain in his previous department or job classification, does not permit an employee to continue his chosen career, deprives the employee of the benefits, status, and emoluments of employment to which he would have been entitled prior to the termination, and does not involve an interactive process as required by the ADA.

Moreover, an employee's access to secondary employment is entirely discretionary on the part of the City.

41. At no time prior to Plaintiff McKellar's discharge, or the discharges of the other Plaintiffs, was Regulation 32 ever amended to reflect the changes in federal law provided by the enactment of the Rehabilitation Act of 1973 or the ADA, enacted in 1991. Moreover, Regulation 32 was never modified to comport with the Pennsylvania Human Relations Act.

42. Defendants terminated Plaintiff's employment on May 12, 2002, pursuant to a determination by Defendants, in conjunction with the City's Risk Management Department and other City officials, including defendants' designees. The meeting with the Risk Management Department was not preceded by constitutionally adequate notice, and did not provide Plaintiff with a constitutionally adequate right to be heard.

43. Defendants' refusal to permit Plaintiff McKellar to continue his employment was based upon City's custom, policy and/or practices as set forth in Regulation 32, and Plaintiff's disability, his record of impairment, and/or the City's perception of his disability.

44. At the time of his termination pursuant to Regulation 32, there were numerous positions within the Philadelphia Police Department which Plaintiff McKellar was qualified to perform in spite of his disability, but he was automatically precluded from being considered for any them on the basis of the Regulation 32.

**MICHAEL ROMAN**

45. The allegations set forth above are re-alleged and incorporated by reference herein.

46. Michael Roman began his employment with the Philadelphia Police Department on February 6, 1976.

47.   On December 17, 1974, Plaintiff Roman was assigned to the Philadelphia Airport located in the 77th Police District.

48.   On November 28, 1996, while on duty at the Philadelphia Airport, Plaintiff Roman's car was rear-ended.

49.   As a result of this accident, Plaintiff Roman has a debilitating hip injury, and also suffers from chronic pain in his and lower back, and neurological and/or orthopedic impairments in his right hand, which have caused him to be substantially limited in performing major life activities including, but not limited to, lifting, carrying, sitting, standing, walking, and activities of daily living, and working.

50.   Plaintiff Roman returned to limited duty work with the Defendant on December 13, 1996 at the Airport's Operations Room where he performed administrative and clerical duties.

51.   Mr. Roman was fully capable of performing the duties of this position without accommodation.

52.   Additionally, there were other positions within the Police Department which Plaintiff Roman was capable of performing, with or without accommodation, as to all essential functions.

53.   On October 1, 1999, Mr. Roman applied for the DROP program, with a selected retirement date of October 1, 2003.

54.   On July 10, 2002, Defendant City's Medical Director conducted a Medical Pension Review of Plaintiff's medical condition, and determined that he was permanently and partially disabled within the meaning of Regulation 32.

55.   On August 5, 2001, without any interactive process, and pursuant to Dr. Korevar's determination, Plaintiff Roman Defendants summarily terminated from employment

-10-

pursuant to Regulation 32.

56.    Plaintiff Roman's termination was preceded by a determination by Defendants, in conjunction with the City's Risk Management Department and other City officials, including defendants' designees, that he was permanently and partially disabled within the meaning of Regulation 32.  The meeting with the Risk Management Department was not preceded by constitutionally adequate notice, and did not provide Plaintiff with a constitutionally adequate right to be heard.

57.    Defendants' refusal to permit Plaintiff Roman to continue his employment was based upon City's custom, policy and/or practices as set forth in Regulation 32, and Plaintiff's disability, his record of impairment, and/or the Defendants' perception thereof.

58.    At the time of his termination pursuant to Regulation 32, there were numerous positions within the Philadelphia Police Department which Plaintiff Roman was qualified to perform in spite of his disability, but he was automatically precluded from being considered for any them on the basis of the Regulation 32.

**JOSEPH SCHRANK**

59.    The allegations set forth above are re-alleged and incorporated by reference herein.

60.    Joseph Schrank began his career with the Philadelphia Police Department in August, 1974.

61.    In July 1982, Plaintiff Schrank was assigned to the Highway Patrol Division of the Philadelphia Police Department.

62.    On May 6, 2000, while driving a motorcycle with a sidecar in a parade honoring fellow officers killed in the line of duty, Mr. Schrank was seriously injured when a truck sideswiped his motorcycle.

63.   As a result of his work injuries, Mr. Schrank suffered numerous internal injuries, including but not limited to a bladder rupture, bilateral wrist fractures, an open book pelvic fracture, a cerebral concussion, and a subsequent ventral hernia of the abdomen; in addition, Plaintiff underwent a tracheotomy and suffered various complications following the many operative procedures necessitated by his injuries.

64.   Plaintiff Schrank returned to limited duty work with the Defendant on March 25, 2002 performing clerical and administrative work in the Highway Patrol Office.

65.   At the time of his termination, Plaintiff was substantially limited in performing one or more major life activities including, but not limited to, lifting, carrying, sitting, standing, walking, and activities of daily living and working.

66.   Notwithstanding his impairments and his disability, Plaintiff Schrank was fully capable of performing his assigned employment with the Police Department this employment, and also was capable of performing the essential functions of numerous other jobs within the Department with or without accommodation.

67.   Plaintiff Schrank applied for the DROP program on June 11, 2001, with a selected retirement date of June 11, 2005.

68.   On July 18, 2002, Defendant City's Medical Director conducted a Medical Pension Review of Plaintiff's medical condition.

69.   Pursuant to this review, Plaintiff was informed by Defendants that he was permanently and partially disabled within the meaning of Regulation 32.

70.   Plaintiff was terminated from his employment pursuant to Regulation 32 on or about August 22, 2002, pursuant to a determination by Defendants, in conjunction with the City's Risk Management Department and other City officials, including defendants'

-12-

designees.   The meeting with the Risk Management Department was not preceded by constitutionally adequate notice, and did not provide Plaintiff with a constitutionally adequate right to be heard.

71.     Defendants' refusal to permit Plaintiff Schrank to continue his employment was based upon City's custom, policy and/or practices as set forth in Regulation 32, and Plaintiffs disability, his record of impairment, and/or the Defendants' perception thereof.

72.     At the time of his termination pursuant to Regulation 32, there were numerous positions within the Philadelphia Police Department which Plaintiff McKellar was qualified to perform in spite of his disability, but he was automatically precluded from being considered for any them on the basis of the Regulation 32.

## COUNT I: DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT, TITLE I: FAILURE TO ACCOMMODATE

73.     Plaintiffs incorporate by reference the previous paragraphs as if the same were set forth more fully at length herein.

74.     Plaintiffs Schrank, Roman, McKellar, and/or Keys are individuals with disabilities within the meaning of the 1990 Americans with Disabilities Act, insofar as they each have a physical impairment that substantially limits one or more of their major life activities; a record of such impairment; and/or were regarded as having such an impairment by Defendants and their designees.

75.     Plaintiffs' disabilities, at all times material hereto, did not prevent them from performing the essential functions of their jobs with the Police Department.

76.     At all material times Defendants knew, or should have known, that Plaintiffs' needed reasonable accommodation, as each Plaintiff requested workplace modifications to

accommodate their respective physical disabilities.

77.   Defendants failed to accommodate Plaintiffs by, *inter alia*, refusing to consider the Plaintiffs' respective requests for reasonable accommodation, and/or by failing to engage in an interactive process as required by the ADA.

78.   Defendants could have reasonably accommodated each of the Plaintiffs, individually and/or severally, without undue hardship.

79.   As a direct and proximate result of Defendant's unlawful discrimination, Plaintiffs have each been deprived of economic and non-economic benefits including, but not limited to wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among his friends and co-workers, disruption of his personal life and loss of enjoyment of the ordinary pleasures of life.

## COUNT II.   FAILURE TO ACCOMMODATE
## PENNSYLVANIA HUMAN RELATIONS ACT

80.   Plaintiffs incorporate by reference the previous paragraphs as if the same were set forth more fully at length herein.

81.   Plaintiffs Schrank, Roman, McKellar, and/or Keys are persons with a non-job related handicap or disability within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 955(a).

82.   Plaintiffs' disabilities, at all times material hereto, did not prevent them from performing the essential functions of their jobs with the Police Department.

83.   At all material times Defendants knew, or should have known, that Plaintiffs' needed reasonable accommodation, as each Plaintiff requested workplace modifications to accommodate his respective physical disabilities.

84. Defendants failed to accommodate each of the Plaintiffs by, *inter alia,* refusing to consider the Plaintiffs' respective requests for reasonable accommodation, and/or by failing to engage in an interactive process as required by the ADA.

85. Defendants could have reasonably accommodated each of the Plaintiffs, individually and/or severally, without undue hardship.

86. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiffs have each been deprived of economic and non-economic benefits including, but not limited to wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among his friends and co-workers, disruption of his personal life and loss of enjoyment of the ordinary pleasures of life.

## COUNT III: INTENTIONAL DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT, TITLE I and/or REHABILITATION ACT

87. Plaintiffs incorporate by reference the previous paragraphs as if the same were set forth more fully at length herein.

88. Defendants, jointly and/or severally, acting intentionally and under color of law, have separately and intentionally discriminated against each of the Plaintiffs on the basis of their disabilities; their records of impairment; and/or Defendants' perceptions that Plaintiffs each had disability that substantially affects one or more major life activities, by, *inter alia,* 1) terminating each of the Plaintiffs' employment; 2) refusing to permit each of the Plaintiffs to work in a position for which he was qualified, with or without accommodation; 3) refusing to accommodate each of the Plaintiffs because of his disability due to the fact that it was work-related; 4) requiring, pursuant to Regulation 32, Plaintiffs to perform all the duties of their pre-injury positions as a condition to retaining

their employment, all in violation of Plaintiff's employment rights under Title I of the ADA and/or Section 504 of the Rehabilitation Act.

## COUNT IV:   INTENTIONAL DISCRIMINATION PURSUANT TO PENNSYLVANIA HUMAN RELATIONS ACT

89.   Plaintiffs incorporate by reference the previous paragraphs as if the same were set forth more fully at length herein.

90.   For all the reasons set forth in Count III, the Defendants, jointly and/or severally have separately and intentionally discriminated against Plaintiffs based upon their disabilities, their records of impairment, and/or Defendants' perceptions that Plaintiffs had a disability that substantially affects one or more major life activities, all in violation of the PHRA.

## COUNT V: FACIAL INVALIDITY OF REGULATION 32 AND DISPARATE IMPACT PURSUANT TO THE ADA, SECTION 504 AND/OR THE PHRA

91.   Plaintiffs incorporate by reference the previous paragraphs as if the same were set forth more fully at length herein.

92.   Regulation 32, on its face, or as applied to each of the Plaintiffs, jointly and/or separately, violates Titles I and II of the ADA and/or Section 504 of the Rehabilitation Act of 1973, and/or the PARA, as it purports to deny public employees of their employment on the basis of their disability based on, *inter alia,* 1) the genesis of such disability; 2) without an interactive process; 3) automatically and without consideration of the individual nature of the disability, the individual's vocational profile and whether or not they are otherwise qualified to continue their City employment; 3) without any consideration of how the individual could be accommodated in the position they hold or desire; and 4) by

-16-

requiring that the individual have the capacity to perform all the duties of his/her pre-injury position without accommodation.

93.     Regulation 32 constitutes an invalid policy pursuant to the ADA and/or Section 504, inasmuch as it is a method of administration which has the purpose or effect of discriminating against persons with qualifying and statutorily protected disabilities, and has a disparate impact upon such persons.

## COUNT VI:    DUE PROCESS CLAUSE
## OF THE FOURTEENTH AMENDMENT AND SECTION 1983

94.     Plaintiffs incorporate by reference the previous paragraphs as if the same were set forth more fully at length herein.

95.     Each of the Plaintiffs had a constitutionally protected property interest in their employment with the Philadelphia Police Department.

96.     Acting intentionally, and under color of law, Defendants subjected each of the Plaintiffs, individually and severally, of their public employment without constitutionally adequate notice and without an adequate opportunity to be heard, inasmuch as the operation of Regulation 32 is automatic, and precludes City decision makers from rendering a decision other than that which is compelled by operation of the specific terms of the regulation, all in violation of their rights under the Due Process Clause of the United States Constitution and Section 1983.

## COUNT VII:      RETALIATION
## PURSUANT TO THE AMERICANS WITH DISABILITIES ACT and SECTION 1983

97.  Plaintiffs incorporate by reference the previous paragraphs as if the same were set forth more fully at length herein.

98.  Plaintiffs engaged in protected activity pursuant to the ADA, by asserting rights guaranteed by that provision, including their right to be accommodated and to be treated in a non-discriminatory manner, notwithstanding their disabilities, their respective records of impairment and/or Defendants' erroneous perceptions thereof; their right to maintain their employment if they were otherwise qualified and capable of performing the jobs they held or desired in spite of their disability or perceived disability, and by opposing Defendants' illegal and discriminatory actions.

99.  Defendants, intentionally and under color of law, retaliated against Plaintiffs, separately and severally, on the basis of their protected activity by, *inter alia*, 1) terminating Plaintiffs' employment; 2) refusing without justification to permit Plaintiffs to retain their employment notwithstanding their qualifications, seniority, and ability to successfully perform the jobs they held or desired; 3) all in violation of Plaintiffs' employment rights under Titles I and V of the ADA, and Section 1983.

## COUNT VIII:      RETALIATION PURSUANT TO THE PARA

100.  Plaintiffs incorporate by reference the previous paragraphs as if the same were set forth more fully at length herein.

101.  Plaintiffs engaged in protected activity pursuant to the PARA, by asserting rights guaranteed by the PARA, including their right to be accommodated and treated in a non-discriminatory manner notwithstanding their disabilities, their records of impairment

and/or Defendant's erroneous perception thereof; their right to maintain their employment if they were otherwise qualified and capable of performing the jobs they held or desired in spite of their disabilities and/or perceived disabilities, and their right to secure reasonable accommodations on the basis of their disabilities, their records of impairment, and/or Defendants' perception thereof.

102.   Defendants retaliated against Plaintiffs on the basis of their protected activity by, *inter alia*, 1) terminating Plaintiffs' employment; 2) refusing without justification to permit Plaintiffs to retain their employment notwithstanding their qualifications, seniority, and ability to successfully perform the jobs they held or desired; 3)   all in violation of Plaintiff's employment rights under the PHRA.

**WHEREFORE,** Plaintiffs seek the following relief:

1.   A declaratory judgment that the discriminatory, intentional and deliberate actions of the Defendants, jointly and/or severally, constituted discrimination and retaliation against Plaintiffs based upon their disabilities in violation of their rights under the ADA, PARA, and Section 504.

2.   Award Plaintiffs full back pay, retroactive pension benefits,   interest, seniority for time lost, and all other emoluments of employment to which they would have been entitled had it not been for the Defendants' discriminatory employment practices.

3.   Award the Plaintiffs compensatory  damages for the losses they sustained as a result of Defendants' discriminatory employment practices.

4.   Award the Plaintiffs against the individual defendants punitive damages for those Defendants' deliberate, reckless and unjustified violations of their rights.

5.   Award Plaintiffs and their counsel all costs and attorneys fees incurred in the prosecution of this action and in their processing of the charge before the EEOC and PHRC.

6.   Award all other relief which may be just and proper under the circumstances.

Dated: February 23, 2004

Respectfully Submitted,

McKinley, Ryan & Kramer, LLC
Lorrie McKinley, Esquire
Attorney I.D. No. 41211
1520 Locust Street
Philadelphia, PA 19107
(215) 731-0231

Law Office of Jeffrey Campolongo
Jeffrey Campolongo, Esquire
Attorney ID. No. 82608
1420 Walnut Street, Ste. 400
Philadelphia, PA 19102
215.545.6841
215.545.6839 fax

ATTORNEYS FOR PLAINTIFFS



**U.S. Department of Justice**

**Civil Rights Division**

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
3505 4608

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

August 26, 2003

Mr. Melvin McKellar
c/o Lorrie McKinley, Esquire
Law Office of McKinley & Ryan
Attorney at Law
1520 Locust St., 10th Fl.
Philadelphia, PA   19102

Re:  EEOC Charge Against City of Philadelphia Police Department, et al.
     No. 170200201729

Dear Mr. McKellar:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                    Sincerely,

                    R. Alexander Acosta
                    Assistant Attorney General
                    Civil Rights Division

          by   *Karen J. Ferguson*

                    Karen L. Ferguson
                    Civil Rights Analyst
                    Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     City of Philadelphia Police Department, et al.



**U.S. Department of Justice**

**Civil Rights Division**

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
3505 4622

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

August 26, 2003

Mr. Joseph T. Schrank
c/o Lorrie McKinley, Esquire
Law Office of McKinley & Ryan
Attorney at Law
1520 Locust St., 10th Fl.
Philadelphia, PA  19102

Re:  EEOC Charge Against City of Philadelphia, Police Department, et al.
      No. 170200301043

Dear Mr. Schrank:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and the Commission has determined that it
will not be able to investigate and conciliate that charge within
180 days of the date the Commission assumed jurisdiction over the
charge and the Department has determined that it will not file any
lawsuit(s) based thereon within that time, and because you through
your attorney have specifically requested this Notice, you are
hereby notified that you have the right to institute a civil action
under Title I of the Americans with Disabilities Act of 1990, 42
U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

R. Alexander Acosta
Assistant Attorney General
Civil Rights Division

by    *Karen L. Ferguson*

Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     City of Philadelphia, Police Department, et al.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 451-5800
TTY (215) 451-5814
FAX (215) 451-5804, 5767 & 5838

Our Reference: Charge Number 170-2003-01043 (formerly 170A301043)
Schrank v. Philadelphia Police Department

Mr. Joseph Schrank
3600 Bandon Dr.
Philadelphia, PA 19150

Dear Mr. Schrank:

The above-referenced charge has been filed with the Equal Employment Opportunity Commission ("EEOC") under both the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

Your attorney has requested that the EEOC issue you a Notice of Right to Sue for this charge. As explained in the enclosed letter, the EEOC has forwarded to the U.S. Department of Justice your request for a Notice of Right to Sue with respect to the ADA portion of the charge. Please refer to that letter for further information concerning that issuance.

However, it is EEOC's position that such Notices are not required as a prerequisite for filing a lawsuit in U.S. District Court under the ADEA. Therefore, this office can not issue you a Notice of Right to Sue under the ADEA. For charges where the date of alleged violation is on or after November 21, 1991, a private ADEA lawsuit may be filed any time from 60 days after a charge is filed with EEOC until 90 days after receipt of notification that EEOC has terminated its processing of the charge.

Based on your attorney's indicated intent to file a private ADEA lawsuit in this matter, EEOC is hereby administratively closing this charge under the ADEA and terminating all processing. Therefore, this letter constitutes notice of EEOC's dismissal for the ADEA portion of the charge. Any 90-day period applicable to this charge during which suit should be filed under the ADEA begins upon your receipt of this notification of dismissal.

Should you decide to exercise the right to file a lawsuit, please notify this office that suit has been filed so that the Commission can take appropriate action to ensure that the case file will be preserved in accordance with the Commission's file destruction procedures.

Aug-18-03 - 10:32am   From-EEOC ENFORCEMENT UNIT                    2154402604              T-313   P.005/014   F-035

If there are any questions in this regard, please contact Ms. Karin Porter, Investigator, at (215) 440-2655.

Sincerely,

_Date_   August 18, 2003

William D. Cook
Enforcement Manager

cc:  Laura Teresinki, Deputy City Solicitor (for Respondent)
     Lorrie McKinley, Esq. (For Charging Party)

enclosures

AUG-18-2003   10:36           2154402604                   97%                    P.17

Feb 23 2004 1:49PM   Law Office of Jeffrey Cam   215-545-6839               p.5



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2604, 2632 & 2805

Our Reference:  Charge Number 170-2002-01034 (formerly 170A201034)
Keys v. Philadelphia Police Department

Mr. Lawrence Keys
4449 Edgemont St.
Philadelphia, PA 19132

Dear Mr. Keys:

The Equal Employment Opportunity Commission (EEOC) has received your attorney's request for the issuance of a Notice of Right to Sue in connection with the above-referenced charge, which was filed with the EEOC under both the Americans with Disabilities Act of 1990, as amended (ADA) and the Age Discrimination in Employment Act of 1967, as amended (ADEA). Because the Respondent in this charge is from the public sector, the Notice of Right to Sue for the portion of the charge filed under the ADA must be issued by the U.S. Department of Justice. Therefore, the request has been forwarded to that Agency for action under that statute. The Department of Justice will act on your request as soon as possible and issue the Notice of Right to Sue directly to you. You will then have 90 days from your receipt of the Notice of Right to Sue to file a private lawsuit in Federal District Court.

If you have any further questions concerning the issuance of the Notice of Right to Sue, you may write to the Department of Justice at the following address:

Karen Ferguson, Civil Rights Analyst
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
Patrick Henry Bldg., Room 4239
10th & Constitution Ave., N.W.
Washington, DC 20530

Please note that with the issuance of this Notice, the EEOC will discontinue its administrative processing of this charge.

If you have any questions concerning the charge or EEOC's processing, please call Investigator Karin D. Porter at (215) 440-2655.

_August 18, 2003_
Date

_William D. Cook_
William D. Cook
Enforcement Manager

cc: Laura Teresinki, Deputy City Solicitor (for Respondent)
Lorrie McKinley, Esq. (for Charging Party)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 451-5800
TTY (215) 451-5814
FAX (215) 451-5804, 5767 & 5838

Our Reference: Charge Number 170-2002-01034 (formerly 170A201034)
Keys v. Philadelphia Police Department

Mr. Lawrence Keys
4449 Edgemont St.
Philadelphia, PA 19132

Dear Mr. Keys:

The above-referenced charge has been filed with the Equal Employment Opportunity Commission ("EEOC") under both the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

Your attorney has requested that the EEOC issue you a Notice of Right to Sue for this charge. As explained in the enclosed letter, the EEOC has forwarded to the U.S. Department of Justice your request for a Notice of Right to Sue with respect to the ADA portion of the charge. Please refer to that letter for further information concerning that issuance.

However, it is EEOC's position that such Notices are not required as a prerequisite for filing a lawsuit in U.S. District Court under the ADEA. Therefore, this office can not issue you a Notice of Right to Sue under the ADEA. For charges where the date of alleged violation is on or after November 21, 1991, a private ADEA lawsuit may be filed any time from 60 days after a charge is filed with EEOC until 90 days after receipt of notification that EEOC has terminated its processing of the charge.

Based on your attorney's indicated intent to file a private ADEA lawsuit in this matter, EEOC is hereby administratively closing this charge under the ADEA and terminating all processing. Therefore, this letter constitutes notice of EEOC's dismissal for the ADEA portion of the charge. Any 90-day period applicable to this charge during which suit should be filed under the ADEA begins upon your receipt of this notification of dismissal.

Should you decide to exercise the right to file a lawsuit, please notify this office that suit has been filed so that the Commission can take appropriate action to ensure that the case file will be preserved in accordance with the Commission's file destruction procedures.

If there are any questions in this regard, please contact Ms. Karin Porter, Investigator, at (215) 440-2655.

Sincerely,

_August 18, 2003_
Date

_William D. Cook_
William D. Cook
Enforcement Manager

cc:  Laura Teresinki, Deputy City Solicitor (for Respondent)
     Lorrie McKinley, Esq. (For Charging Party)

enclosures



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
3505 4639

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

August 26, 2003

Mr. Michael Roman
c/o Lorrie McKinley, Esquire
Law Office of McKinley & Ryan
Attorney at Law
1520 Locust St., 10th Fl.
Philadelphia, PA  19102

Re:  EEOC Charge Against City of Philadelphia Police Department, et al.
     No. 170200202009

Dear Mr. Roman:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since
the date the Commission assumed jurisdiction over the charge, and no
suit based thereon has been filed by this Department, and because
you through your attorney have specifically requested this Notice,
you are hereby notified that you have the right to institute a civil
action under Title I of the Americans with Disabilities Act of 1990,
42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

R. Alexander Acosta
Assistant Attorney General
Civil Rights Division

by      *Karen L. Ferguson*

Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     City of Philadelphia Police Department, et al.

Aug-18-03    10:30am    From-EEOC ENFORCEMENT UNIT                    2154402604              T-913   P.004/012   F-033



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 451-5800
TTY (215) 451-5814
FAX (215) 451-5804, 5767 & 5838

Our Reference: Charge Number 170-2002-02009 (formerly 170A202009)
                        Roman v. Philadelphia Police Department

Mr. Michael Roman
2133 S. Bancroft St.
Philadelphia, PA 19145

Dear Mr. Roman:

The above-referenced charge has been filed with the Equal Employment Opportunity
Commission ("EEOC") under both the Americans with Disabilities Act of 1990, as amended
("ADA"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

Your attorney has requested that the EEOC issue you a Notice of Right to Sue for this charge.
As explained in the enclosed letter, the EEOC has forwarded to the U.S. Department of Justice
your request for a Notice of Right to Sue with respect to the ADA portion of the charge. Please
refer to that letter for further information concerning that issuance.

However, it is EEOC's position that such Notices are not required as a prerequisite for filing a
lawsuit in U.S. District Court under the ADEA. Therefore, this office can not issue you a Notice
of Right to Sue under the ADEA.   For charges where the date of alleged violation is on or after
November 21, 1991, a private ADEA lawsuit may be filed any time from 60 days after a charge
is filed with EEOC until 90 days after receipt of notification that EEOC has terminated its
processing of the charge.

Based on your attorney's indicated intent to file a private ADEA lawsuit in this matter, EEOC is
hereby administratively closing this charge under the ADEA and terminating all processing.
Therefore, this letter constitutes notice of EEOC's dismissal for the ADEA portion of the charge.
Any 90-day period applicable to this charge during which suit should be filed under the ADEA
begins upon your receipt of this notification of dismissal.

Should you decide to exercise the right to file a lawsuit, please notify this office that suit has
been filed so that the Commission can take appropriate action to ensure that the case file will be
preserved in accordance with the Commission's file destruction procedures.

AUG-18-2003  10:34                        2154402604                          96%                         P.04

Feb 23 2004 1:50PM    Law Office of Jeffrey Cam    215-545-6839                              P.10

Aug-18-03   10:30am   From-EEOC ENFORCEMENT UNIT          2154402604          T-313   P 005/012   F-033

If there are any questions in this regard, please contact Ms. Karin Porter, Investigator, at (215) 440-2655.

Sincerely,

August 18, 2003                    William D. Cook

Date

William D. Cook
Enforcement Manager

cc:  Laura Teresinki, Deputy City Solicitor (for Respondent)
     Lorrie McKinley, Esq. (For Charging Party)

enclosures